

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00152-CR

---

ELLIOT VENTURA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7100, Honorable Stuart Messer, Presiding

---

November 21, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Elliot Ventura, appeals his conviction for evading arrest[1] and sentence to thirty years' confinement.  The appellate record was originally due September 14, 2022.  The clerk's record has been filed but we granted the reporter an extension of time to file the reporter's record due to her caseload.  By letter of October 11, 2022, we admonished the reporter that failure to file the reporter's record by October 24 could result in the appeal

---

[1] *See* TEX. PENAL CODE ANN. § 38.04.

being abated and the cause remanded to the trial court for further proceedings without further notice. To date, the reporter's record has not been filed and the reporter has had no further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

1.    what tasks remain to complete the filing of the reporter's record;

2.    why the reporter has not completed the necessary tasks;

3.    what amount of time is reasonably necessary for the completion of those tasks; and

4.    whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by December 21, 2022.

Should the reporter file the record on or before December 5, 2022, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.

3